Burke, J.
Lloyd Crego purchased a one-half horsepower Ghuld water pump from the J & R Plumbing Co. on August 20, 1965 for the sum of $124, plus tax. The salesman for the plumbing company was Robert Terpening, Crego’s son-in-law.
On August 25 of that month, Terpening and John Crego — the purchaser’s son and another employee of J & R Plumbing— commenced installing the pump. By midafternoon, they abandoned this project, but not until they had bent the copper tubing, ‘ ‘ pushed up ’ ’ the gauge and ‘‘ nicked ’ ’ the pump in several spots. When they returned to complete their handiwork the following day, they discovered that the pump had been removed. Appellant was subsequently apprehended and convicted of grand larceny, second degree.
*445 The question presented by this appeal pertains to the value of the stolen pump, especially significant here since the dividing line between grand larceny second degree and petit larceny is $100. Section 1305 of the former Penal Law, as first interpreted by this court in People v. Irrizari (5 N Y 2d 142), states that the market value of a stolen item is to be measured by what the thief would have had to pay had he purchased the item instead of stealing it (id., p. 146). Since we stated in Irrizari that the price for which an item is sold in a particular store is some evidence but not conclusive proof of its value when stolen from that store, it necessarily follows that the original cost of an item is not proof of its value some five days after the goods have left the store. In the instant case, the value of the pump must also be reduced to reflect the mechanical prowess of Crego and Terpening. . Additionally, an allowance must be made for the fact that the pump, when taken, was no longer new. (See Parmenter v. Fitzpatrick, 135 N. Y. 190; People v. Liquori, 24 A D 2d 456.)
Regrettably, none of this was done. Terpening, the only person called to give expert testimony as to the value of the pump, was never asked on direct examination to give any value to the pump other than its value when purchased by Crego. Also, while he admitted that the value would be greatly affected by whether the pump had been used prior to the theft, he admitted that he had no way of ascertaining this fact. Finally, on cross-examination he testified as follows:
“ Q. So actually you don’t know what the condition of this pump was after it had been installed and you left, is that correct?
“ A. Yes, sir.”
As indicated above, this is the precise time that the item must be appraised to determine its value. Accordingly, under the circumstances of this case, because of the importance of the value of the pump in determining the offense and subsequent punishment, the judgment appealed from should be reversed, the conviction should be vacated and a new trial should be ordered.
Chief Judge Fuld and Judges Scileppi, Bergan, Keating, Bbeitel and Jasen concur.
Judgment reversed and a new trial ordered.