Per Curiam.

The only issue of consequence on this appeal is whether the prosecution established the value of the stolen prop *436 erty to be in excess of $1,500 in order to justify the conviction of defendant of criminal possession of stolen property in the first degree (Penal Law, § 165.50).
The property in question consisted of about 600,000 librium pills, called Libratabs, a controlled drug. The stolen pills had been at one time restrictedly distributed by the manufacturer to hospitals and physicians without charge for experimental use, and, hence, at the time of original distribution had no “ market price ” or “ market value ” (see People v. Harold, 22 N Y 2d 443; People v. Irrizari, 5 N Y 2d 142). This was true, of course, of the legitimate market at that time, simply because the pills were not available on the legitimate market. This does not mean that even at that time the pills were without value for purposes of the criminal statutes governing larceny and possession of stolen property. However, the value then is not at issue now.
Certainly, however, that the experimental pills were distributed free of charge is of no benefit to their thief or criminal possessor. The uninvited taker of free goods or gifts is just as much a thief as if the goods were distributed for a price.
By the time the pills were possessed as stolen property, the experimental pills had been recalled by the manufacturers and substitute pills of substantially the same chemical composition were being manufactured and marketed. The market value of the substitute pills was relevant to establish the current value of the recalled pills. It is. immaterial whether the value of the recalled pills is that in the legitimate or illegitimate market. The evidence established that the experimental and the marketed substitute pills were equivalent in composition, cost of ingredients, function, and use. Such equivalence was strong evidence of equivalent market value, and, of course, defendant’s request of $19,500 for the stolen pills was a significant admission of value and confirmation of a market value even if that market be an illegitimate market. Actually, the requested price of $19,500 was a little less than one third of the market price for the pills marketed in the legitimate market, and yet was more than 10 times the minimum value required by the statute defining criminal possession in the first degree.
Under some circumstances, courts have found that the underworld value of contraband may be used in determining value *437 for the purposes of a larceny or criminal possession statute (see, e.g., United States v. Tyers, 487 F. 2d 828, 881; United States v. Ditata, 469 F. 2d 1270, 1272; Churder v. United States, 387 F. 2d 825, 832-833). A contrary view would be intolerable, if only because it would immunize a thief or receiver from prosecution for the higher degree of crime because he specialized in stolen goods which had no value in a legitimate market or were unacceptable to legitimate purchasers but with knowledge of the stolen nature of the goods available for sale.
The purpose of the statutes fixing the higher degrees of crime is not related to regulating the economic market but to assessing the scale of criminal operations by the persons charged with offenses under the 'statutes.
On this analysis the prosecution’s proof established the market value of the stolen pills in accordance with subdivision 1 of section 155.20 of the Penal Law.
Accordingly, the order, of the Appellate Division should be affirmed.
Chief Judge Brbitbl and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur in Per Curiam, opinion.
Order affirmed.