degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of sexual abuse in the first degree, sexual misconduct (two counts), and attempted grand larceny in the third degree and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Under the facts of this case, sexual abuse in the first degree and sexual misconduct (Count No. 5) are inclusory concurrent counts of sodomy in the first degree (see *People v De Jesus,* 46 AD2d 868; *People v Kalicki,* 49 AD2d 1032), sexual misconduct (Count No. 3) is an inclusory concurrent count of rape in the first degree (see CPL 300.30, subd 4) and attempted grand larceny in the third degree is an inclusory concurrent count of attempted robbery in the second degree (see CPL 300.30, subd 4; cf. *People v God,* 56 AD2d 636). As such, we are, *sua sponte,* dismissing the inclusory concurrent counts (see CPL 300.40, subd 3, par [b]). We find no merit in the other contentions raised by the defendant. Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE H. WHITTEMORE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 17, 1977, convicting him of criminal possession of stolen property in the first degree, after a nonjury trial, and imposing sentence. By order dated February 27, 1978, this court held the appeal in abeyance and remanded the case to the County Court for the purpose of making specific findings on the issue of the voluntariness of defendant's alleged confession *(People v Whittemore,* 61 AD2d 845). The County Court has complied and found that the confession was voluntarily made. Judgment modified, on the law and the facts, by reducing the conviction of criminal possession of stolen property in the first degree to a conviction of criminal possession of stolen property in the second degree, and vacating the sentence imposed thereon. As so modified, judgment affirmed and case remanded to the County Court for resentence on the conviction of criminal possession of stolen property in the second degree. Defendant contends that his conviction of the crime charged was erroneous since the prosecution failed to prove that the value of the property exceeded $1,500 (see Penal Law, § 165.50). We agree. The evidence presented shows that the money orders were sold for $600. Section 155.20 (subd 2, par [a]) of the Penal Law does not govern since the stolen money orders were blank as to the amount. Accordingly, we have reduced defendant's conviction to one of criminal possession of stolen property in the second degree (see Penal Law, § 165.45). We have examined defendant's other contentions and find them to be without merit. Titone, J. P., Rabin, Shapiro and Cohalan, JJ., concur.