THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD MCKOY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 7, 1978, as amended by a resentence imposed December 10, 1979, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of stolen property in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict. Judgment as amended modified, on the law, by reducing the conviction of criminal possession of stolen property in the second degree to one of criminal possession of stolen property in the third degree and reversing the sentence imposed thereon. As so modified, judgment as amended affirmed. As respects the defendant's conviction of criminal possession of stolen property in the second degree, the People proved beyond a reasonable doubt, as found by the jury, that the defendant knowingly possessed a stolen typewriter, which he then sold to an undercover police officer on February 4, 1977. Testimonial proof was submitted by the People that the typewriter in question had been stolen on January 31 or February 1, 1977 from the East Flatbush-Rugby Y, which had purchased it for $700 at some unspecified time. There was no evidence submitted with regard to the market value of the typewriter at the time of the theft or at the time it was sold by the defendant to the police. Under these circumstances, there was insufficient proof to establish that the defendant had stolen property having a value in excess of $250, a necessary prerequisite for conviction of criminal possession of stolen property in the second degree (Penal Law, § 165.45, subd 1). Moreover, in charging the jury, the trial court neglected to offer any instruction with respect to the proper method of assessing the value of the stolen item so that the degree of the crime committed could properly be determined (see Penal Law, § 165.45, subd 1; *People v Bell,* 55 AD2d 624). Although the conviction thus cannot stand (see *People v Bell, supra),* the evidence presented did establish the crime of criminal possession of stolen property in third degree (see Penal Law, § 165.40). Nevertheless, there is no need to remand for resentence since defendant has already served the maximum time to which he could be sentenced on the conviction of criminal possession of stolen property in the third degree (see Penal Law, §§ 165.40, 70.15, subd 1). The defendant also claims that his conviction of criminal sale of a controlled substance in the third degree should be reversed because the court's charge on agency erroneously shifted the burden of proof. We note, however, that the defendant took no exception to this charge at the time of trial, and therefore the alleged error was not preserved for review on appeal as a matter of law *(People v Thomas,* 50 NY2d 467; *People v Argibay,* 45 NY2d 45). Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.