■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD D. OAKLEY, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered December 19, 1979, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree. Defendant, a licensed automobile dealer and dismantler, was convicted of possessing a stolen white 1974 Datsun automobile. Sometime between February 23 and March 8, 1978, the car, owned by one Sherry Dodge, vanished from the lot of a car dealer who was attempting to sell it for her. On May 4, 1978, Dodge's insurer, the Royal Globe Insurance Company, paid her approximately $5,100 to cover the loss; at that time, legal title to the Datsun passed to Royal Globe. Defendant acquired the automobile in early March after receiving an anonymous telephone call informing him that there was an abandoned vehicle located on Pine Hill Road in the the Town of Colesville. He towed the car to his junkyard where it sat for some three months until it was purchased by Bruce Lamb for $1,200. Lamb testified that the car was in poor condition when he bought it and that he had repaired it using parts removed from a wrecked green Datsun also found in defendant's yard; these parts were apparently included in the $1,200 purchase price. Upon conviction, defendant was sentenced to a term of five years' probation conditioned upon payment of restitution to Royal Globe; he was also fined $1,000. On appeal, defendant attacks the indictment, the jury instructions, the proof of the car's value, and the sentence. Initially, we reject the contention that defendant is entitled to reversal because the indictment specified that Sherry Dodge owned the car when in fact Royal Globe did. The identity of the car's owner was not a material element of the crime; all that was necessary was the statement in the indictment that the car was stolen property. This technical error, as to ownership, did not prejudice defendant and was harmless (see *People v Cunningham*, 64 AD2d 722, affd 48 NY2d 938). The challenge to the court's instructions to the jury, concerning the presumption that defendant knew the property was stolen, is more imaginative than persuasive. Subdivision 2 of section 165.55 of the Penal Law permits that presumption to be drawn if defendant obtained the stolen property "without having ascertained by reason-

able inquiry that the person from whom he obtained it had a legal right to possess it". It is claimed that the presumption is inapplicable because the car was abandoned and the caller anonymous; therefore, no "person" existed to whom defendant could have addressed any questions. We are not inclined to construe the statute so restrictively. Defendant, a licensed used car dealer and dismantler, was obliged to contact town authorities who, by virtue of section 1224 of the Vehicle and Traffic Law, had the right to possession or custody of all abandoned vehicles. His failure to make this elementary inquiry animated the presumption. Moreover, that defendant was indeed aware that the car was stolen is accentuated by several circumstantial indicators such as the fact that defendant had done none of the required paperwork to record his possession or subsequent sale of the Datsun, that a vehicle identification number strip found on the stolen car had, in fact, come from the green Datsun, and that he refused to tell investigators if there was a license plate on the car at the time he recovered it. Defendant's argument concerning the prosecution's failure to prove the value of the car at the time it was abandoned does have force. Proof that at the time of the crime the property involved was worth more than $1,500 is an essential element of first degree criminal possession of stolen property. While the Datsun was worth much more than $1,500 at the time it was stolen, there is no proof that its value exceeded $1,500 when it came into defendant's possession. Although the prosecution's expert testified that he believed the car's value to be $1,500, his examination of the vehicle occurred only after Lamb had made substantial repairs to the car; the wheels alone which Lamb had placed on the car were concededly worth $300 at the very minimum. Given this testimony, the People failed to carry their burden of proving the Datsun had a value of over $1,500 at the time defendant towed it to his junkyard. However, the evidence does support a finding of criminal possession of stolen property in the second degree, for the value of the car, as reflected by the amount defendant charged Lamb, was clearly greater than $250 (Penal Law, § 165.45, subd 1; see *People v Colasanti,* 35 NY2d 434; *People v Whittemore,* 65 AD2d 631). Finally, we note that since the court's order directing defendant "to pay restitution as determined by the Probation Department" did not fix the manner of performance or the date by which the full amount was to be paid as required by section 65.10 (subd 2, par [g]) of the Penal Law, it was faulty. Judgment modified, on the law, by reducing the conviction to one of criminal possession of stolen property in the second degree, and, as so modified, affirmed, and matter remitted to the County Court of Broome County for resentencing. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.