■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BAVEGHEMS, Also Known as BOB MALLON, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered July 12, 1983, convicting him of criminal possession of stolen property in the second degree and criminal impersonation in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5).

Defendant was found in possession of three stolen credit cards. After trial he was convicted, *inter alia,* of criminal possession of stolen property in the second degree (Penal Law, § 165.45, subd 2). In determining whether defendant knew that the credit cards in his possession were stolen, the court instructed the jury that it could draw an inference based on subdivision 3 of section 165.55 of the Penal Law, which states: "A person who possesses two or more stolen credit cards is presumed to know that such credit cards were stolen".

Defendant now claims that use of this statutory permissive presumption deprived him of due process of law, inasmuch as it permitted the People to prove one element of a crime, to wit,

knowledge that the cards were stolen, at a lesser standard than beyond a reasonable doubt. Defendant is incorrect. "Because [a] permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference" (*Ulster County Ct. v Allen,* 442 US 140, 157). Under the facts of this case there was a rational relation between the fact proved (possession of the stolen cards) and the ultimate fact to be inferred (knowledge that the cards were stolen). Thus, the presumption was valid (*Ulster County Ct. v Allen, supra; Leary v United States,* 395 US 6; *People v Neiss,* 73 AD2d 938). When the evidence is viewed in a light most favorable to the People, as it must, defendant's guilt was proven beyond a reasonable doubt (*Jackson v Virginia,* 443 US 307; *People v Contes,* 60 NY2d 620).

We have considered defendant's other claims and find them to be without merit. Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.