(June 18, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIO MEDINA, Appellant. — Judgment of the Supreme Court, New York County (Galligan, J.), rendered December 16, 1983, which convicted defendant, after a bench trial, of attempted criminal possession of stolen property in the first degree, possession of an imitation pistol, acting as a dealer in secondhand articles without a license, and failing to keep a record of purchases and sales, and which sentenced him to 12 weeks' intermittent weekend incarceration and probation for the remainder of a five-year period, plus a fine of $2,500 for the attempted criminal possession of stolen property, a fine of $250 for the conviction of possession of an imitation pistol, a fine of $500 for the conviction of acting as a dealer in secondhand articles without a license and a fine of $500 for the conviction of failing to keep a record of purchases and sales, is modified, on the law and facts, to the extent of reducing from first to second degree the conviction of attempted criminal possession of stolen property, vacating the sentence imposed on that count and remanding for sentencing on the reduced count, and the judgment is otherwise affirmed.

Defendant is the owner of Bullion Trading Company, Inc., and is engaged in the business of smelting, refining and converting gold into bullion. As a result of tips identifying defendant as a

purchaser of stolen jewelry, an undercover operation was planned to attempt to sell stolen property to defendant. A primary issue on appeal concerns the proper valuation of the stolen property defendant attempted to purchase. To obtain a conviction of first degree criminal possession of stolen property, the People must prove beyond a reasonable doubt that the value of the property exceeds $1,500 (Penal Law § 165.50). If the value of the property is less than that, but more than $250, the crime of criminal possession of stolen property is only one of the second degree (Penal Law § 165.45). While we conclude that the evidence was sufficient to find that defendant did attempt to possess stolen property, we find that the People failed to meet their burden of proving that the value of the property exceeded $1,500.

The jewelry defendant attempted to purchase consisted of rings, chains, a watchcase without the movement, other watch parts, medallions and bracelets. Some of the chains were broken and missing clasps. In other words, the jewelry was not in new condition. Detective Lorig, a jewelry expert, testified that the scrap value of the stolen jewelry defendant attempted to purchase was about $1,000 and its replacement value approximately $2,000. Despite a careful reading of this expert's testimony, we are unable to find any testimony indicating that the depreciated condition of the jewelry was taken into account in arriving at this replacement value. Neither was there any testimony as to the selling market for watchcases without movements or other watch parts. Generally, property is to be valued according to its retail price, the price a thief would have to pay on the market were he to purchase the goods legitimately. (*People v Irrizari,* 5 NY2d 142, 145-146.) However, the condition of an item and the extent of its use or deterioration are certainly factors in determining what price a person would be willing to pay for the item were he buying it legitimately. (*See, People v Oakley,* 95 AD2d 944, 945; Richardson, Evidence § 188 [Prince 10th ed 1973].) Therefore, because the People did not prove beyond a reasonable doubt that the jewelry, some of it clearly defective, was worth more than $1,500 on the market, we reduce the conviction of attempted criminal possession of stolen property from first degree to second degree and remand for sentencing on the reduced count. We have reviewed defendant's other points and find them to be without merit. Concur — Sandler, Carro, Rosenberger and Ellerin, JJ.

Murphy, P. J., dissents in a memorandum as follows: I would affirm.

The record below sustains, and the majority does not challenge, the finding that Lucio Medina knowingly purchased

stolen property. The issue that divides us is the value of the stolen property.

*People v Irrizari* (5 NY2d 142, 146) involved the theft of articles of merchandise from a number of department stores and the court determined that the market value under the circumstances of that case would be "the price at which the property would have been sold if it had not been stolen".

Defense counsel, in his argument before the trial court, accepted the principle that the value of stolen property in the hands of the thief would be cost of replacement. However, he argued that once the thief becomes an entrepreneur and sells the stolen items to a "fence", the value of the property decreases to its scrap value.

The transaction of February 15, 1983, which is the gravamen of this appeal, involved the purchase by defendant of diverse items of jewelry. Some of the items offered were not accepted because they were not gold. The defendant dealt only in gold and was the principal in the Bullion Trading Company, where gold was refined and sold or made into jewelry.

Prior to selling the jewelry to the defendant, the undercover detective had it appraised by another detective of the New York City Police Department who is an expert in such work. After the defendant purchased the property, he was arrested and the expert once again appraised the jewelry. He found its scrap value to be $1,030.75 and its replacement value was $2,400 or $2,500. The testimony of the expert, while challenged on cross-examination, remained substantially uncontradicted.

If scrap value is the measure of value, then clearly the threshold amount has not been established to raise the crime to an attempt to commit the crime of criminal possession of stolen property in the first degree (Penal Law §§ 110.00, 165.50). However, I conclude that the proper measure of value is its replacement value and not its scrap value. There are cases where only scrap value can be determined and therefore that value would be acceptable, but that is not this case. (*See, People v Colasanti,* 35 NY2d 434.)

Can the simple expedient of breaking valuable stolen items into pieces reduce the seriousness of the crime when one is charged with possession of the fruits of that crime? If a person is the victim of a chain snatch — not an uncommon crime in this jurisdiction — should we value it in its fractured state as scrap and permit a "fence" to escape prosecution for a more serious crime? I think not.