■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON RIVERA, Appellant.—Judgment, Supreme Court, New York County (McCooe, J.), rendered December 8, 1983, which convicted defendant, after jury trial, of criminal possession of stolen property in the first degree and sentenced him to a prison term of 2 to 4 years, unanimously modified on the law and as a matter of discretion in the interest of justice, to reduce the conviction to criminal possession of stolen property in the third degree and remand for resentencing, and otherwise affirmed.

Defendant's conviction arises from his possession of a stolen automobile, a 1977 Ford Mustang. He was arrested May 1, 1983 when he was driving the vehicle and stopped by police officers, who observed him committing a traffic infraction and upon investigation discovered that the automobile had been stolen.

Defendant admitted that he knew that the car was stolen, but both he and his wife creditably testified that they borrowed the car from a friend, one Munoz, who "always had cars". Munoz showed him how to start the ignition by using a knife.

The sole meritorious issue on this appeal concerns the sufficiency of the proof that the automobile's value exceeded $1,500, an essential element of the crime of criminal possession of stolen property in the first degree. (Penal Law § 165.50.)

On three separate occasions, the court informed the jury that the value of the property was to be determined as of the time it was stolen. Since defendant never objected to these remarks, the issue would ordinarily not be preserved for appellate review. However, as the value of the property is an essential element of the crime, and is therefore a requisite for conviction, we will review the issue as a matter of discretion in the interest of justice.

To sustain a conviction of criminal possession of stolen property in the first degree, the People must prove that the value of the property exceeded $1,500 at the time when it came into defendant's possession. (See, Penal Law § 155.20 (1); People v Oakley, 95 AD2d 944, 945.)

Peter Stevens, the son of the owner of the car, and its custodian, testified that the car was stolen on the night of April 25, 1983 and that at the time of the theft, the car was "in very good condition." He further testified that when he recovered the car, it had dents in both rear quarter panels and in the hood, that the trunk lock had been punctured, that the steering column, dashboard, and stereo had been ripped out, and that the car had to be towed because it could not start. The arresting police officer also described the condition of the car at the time of the arrest, stating that "it was in poor condition inside and out" and noting the same defects as described by Stevens.

To prove the value of the car, the People offered the testimony of David Lipkis, a police department auto body worker who was qualified as an expert witness. Lipkis testified as to the value of a 1977 Ford Mustang as listed by the National Automobile Dealers Association Guide, which was $2,650. However, Lipkis never personally examined the car and relied upon the owner's verbal description of the *pretheft condition* in making this appraisal.

Therefore, the People failed to meet the burden of proving the value of the car in its severely damaged condition on May 1, 1983, the date defendant possessed it. *(People v Oakley, supra; People v McKoy, 79 AD2d 665; cf. People v Medina, 111 AD2d 653.)* Furthermore, the jury was not properly instructed to consider the value of the car at the time defendant possessed it. *(See, People v McKoy, supra.)* The conviction cannot

stand and must be reduced to criminal possession of stolen property in the third degree, which requires no proof as to the value of the property when the crime was committed. (Penal Law § 165.40; *see, People v Clark,* 91 AD2d 1102; *People v Jenkins,* 61 AD2d 705, 710.)

As defendant has already served more than the maximum time to which he could be sentenced on the conviction of criminal possession of stolen property in the third degree, a class A misdemeanor, we remand the case for resentencing forthwith. Concur—Sullivan, J. P., Asch, Fein, Kassal and Ellerin, JJ.