■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MOORE, Appellant.—Judgment, Supreme Court, Bronx County (John N. Byrne, J.), entered March 18, 1982, convicting defendant, after a jury trial, of criminal possession of stolen property in the second degree (Penal Law § 165.45 [1]), and sentencing him, as a second felony offender, to an

indeterminate term of imprisonment of from 2 to 4 years, is unanimously modified, on the law, to the extent of reducing the conviction of criminal possession of stolen property in the second degree to one of criminal possession of stolen property in the third degree (Penal Law § 165.40), vacating the sentence, remanding the matter for resentencing, and, except as thus modified, affirmed.

On the evening of April 17, 1981, at Gobles Place and Macomb's Road, in The Bronx, the defendant was arrested for, *inter alia,* the alleged possession of a stolen 19" Toshiba color television set. Furthermore, after the arrest, during a search of the defendant by a police officer, two allegedly stolen rings were found in defendant's trouser pockets. Subsequent to indictment, a jury convicted the defendant of the crime of criminal possession of stolen property in the second degree.

Our review of the trial transcript indicates that, in substance, the only evidence presented by the People relating to the value of these stolen items at the time of theft consisted of the testimony of the victims, who stated: (1) that the subject television set had been received by them as a gift, three to four years prior to the theft, and that it had allegedly cost between $450 and $480; and (2) that the rings were each worth $5. Based upon our evaluation of this evidence of the alleged value of the stolen property, we hold that the People have not complied with the statutory requirement that in a larceny prosecution they must prove either the market value or "the cost of replacement of the [stolen] property within a reasonable time after the crime" (Penal Law § 155.20 [1]; *People v Harold,* 22 NY2d 443, 445) [material in brackets added]. Under these circumstances, we find that, as a matter of law, the defendant's conviction of the crime of criminal possession of stolen property in the second degree cannot be sustained, since the People have failed to prove an essential element of this crime, which is that "the [aggregate] value of the [stolen] property exceeds two hundred fifty dollars" (Penal Law § 165.45 [1]) [material in brackets added]. Although the subject conviction cannot stand, nevertheless, we find that overwhelming evidence establishes beyond a reasonable doubt that the defendant committed the crime of criminal possession of stolen property in the third degree (Penal Law § 165.40).

Accordingly, we reduce the conviction in question. Concur—Sandler, J. P., Ross, Kassal and Rosenberger, JJ.