OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In view of the Appellate Division’s conclusion, not challenged by the People on this appeal, that the victim’s testimony as to his identification of the defendant at the precinct should have been suppressed, the in-court identification by the victim was also improperly admitted as there was no evidence at the suppression hearing of an independent source for it. The Appellate Division properly noted that it may not make its own finding of an independent source based upon trial testimony (see, People v Dodt, 61 NY2d 408, 417; see also, People v Wilkins, 65 NY2d 172; People v Gonzalez, 55 NY2d 720, cert denied 456 US 1010).
The Appellate Division also properly reversed the defendant’s conviction of criminal possession of stolen property in the first degree and dismissed that count of the indictment. The only evidence before the jury as to the value of the car, a 1975 Chevrolet, at the time defendant possessed it (Oct. 1980), *665 was the owner’s testimony that he had purchased it approximately one year prior to that date for $2,600 and had used it during that year as a "gypsy cab”. We agree with the majority below that this evidence was insufficient as a matter of law to establish that the value of the car exceeded $1,500 at the time it was stolen.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye and Alexander concur; Judges Titone and Hancock, Jr., taking no part.
Order affirmed in a memorandum.