(April 8, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CORBETT, Appellant.—Judgment, Supreme Court, Bronx County (Martin Klein, J.), rendered April 29, 1985, which convicted defendant of criminal possession of stolen property in the second degree and sentenced him to a prison term of 2 to 4 years, modified, on the law, by reducing the conviction to criminal possession of stolen property in the third degree, reducing the sentence to time served and directing defendant's immediate release, and, as so modified, judgment affirmed.

Defendant's conviction arises from his arrest in the early morning hours of May 15, 1984 when he was walking on East 179th Street carrying a public pay telephone with its receiver missing. The evidence at trial established that the telephone originally belonged to a nearby restaurant, where it had been mounted to a wall and was intact at the close of business on the preceding day.

The defendant was indicted and tried on charges of burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools. The jury acquitted him of all charges other than criminal possession of stolen property in the second degree under Penal Law § 165.45 (1), which, at the time of the crime charged, required that the value of the property exceeded $250. The critical issue raised on this appeal is whether the People proved this essential element of the crime and, in light of defendant's acquittal on the burglary and larceny counts, that inquiry must focus on the value of the stolen property at the time defendant possessed it, in its damaged condition, and not on its value at the time it was stolen from the restaurant, in working condition. *(See, People v Jones,* 111 AD2d 264.)

Penal Law § 155.20 (1) insofar as here relevant, defines the term "value" as follows: "value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime."

To prove the value of the telephone, the People offered the testimony of an employee of "Material Enterprises", a subsidiary of "NYNEX", who stated that his company sold this model telephone to New York Telephone and that the cost of a new unit—i.e., the "cost of replacement"—would be $598.24. He also testified that there was no "market value" for these phones because they were not sold on the "open market" and that the pay telephone was useless without special NYNEX connecting equipment. He further opined that a telephone without a receiver had no value.

This testimony was insufficient to establish that the pay telephone in issue had a value in excess of $250. The purchase price of a *new* telephone, does not establish the "value" of a used telephone with its receiver missing and in an otherwise damaged condition. *(See, People v Harold,* 22 NY2d 443.)

In *People v Rivera* (114 AD2d 305), defendant's conviction for criminal possession of stolen property in the second degree arose from his possession of a stolen 1977 Ford Mustang. The People introduced into evidence the "book value" of such a car and presented testimony by the son of the owner that the car was in very good condition when stolen. However, at the time of defendant's arrest, the car was in poor condition, inside and out, could not start, and, among other things, was missing the steering column, dashboard and stereo which had been ripped out. This court held that the book value of the car's *pre-theft condition,* which failed to take into account the extensive damage, was insufficient to establish "value", and the conviction was reduced to criminal possession of stolen property in the third degree.

Similarly, "the condition of an item and the extent of its use or deterioration" were held to be factors to be considered in a case involving criminal possession of stolen jewelry and watch parts where evidence was offered both as to the scrap value of these items and their replacement value. *(People v Medina,* 111 AD2d 653, 654, *appeal dismissed* 67 NY2d 644.) However, the latter was found to be insufficient since there was no testimony indicating "that the depreciated condition of the jewelry was taken into account in arriving at this replacement value". *(Supra,* at 654; *see also, People v Moore,* 114 AD2d 765; *People v Jones, supra; People v James,* 111 AD2d 254, *affd* 67 NY2d 662; *People v Nicometi,* 110 AD2d 1063.)

While the People here offered proof of the "replacement value" of a complete phone unit in new condition, they failed to establish the essential predicate required by the statute for

the use, at all, of "replacement value"—i.e., that a "market value" could not be satisfactorily ascertained for a used and broken pay telephone. The testimony that there was no "market value" for a new pay telephone unit because these units were not sold on the "open market" was not sufficient to establish that there was no ascertainable "market value" for a used pay telephone box without a receiver. The statute does not make "market value" synonymous with, or limited to, the price of a new item on the "open market". On the contrary, such value has been held to be established by proof of the original cost of the item reduced to reflect the actual condition of the property, in terms of how long it has been used and its state or utility or damage *(People v Harold, supra)*, and, under some circumstances, in terms of the value of the property in an illegitimate or "thieves market" *(People v Colasanti,* 35 NY2d 434; *see also, People v Steinberger,* 89 Misc 2d 419).

In any event, even where a proper foundation has been laid for the use of "replacement value", such value must also be adjusted to take into consideration the actual condition of the property at the time it was possessed by the defendant, including how long it had been in use and the extent of any damage. *(People v Medina, supra).* Here, the only evidence on that issue was the subjective opinion of the People's expert, that a telephone without a receiver has no value. This can hardly be said to establish that the stolen property in defendant's possession had a value in excess of $250.

Accordingly, the People having failed to prove that the value of the stolen property here in issue exceeded the monetary threshold essential to a conviction of criminal possession in the second degree, defendant's conviction must be reduced to criminal possession of stolen property in the third degree, a misdemeanor. Since defendant has already served a sentence in excess of that which he could have received for the conviction, as reduced, he is resentenced to time served. Concur—Carro, Asch, Rosenberger and Ellerin, JJ.

Sandler, J. P., dissents in a memorandum as follows: In terms of the criminal act for which the defendant was convicted, I agree that a sentence appropriate to the conviction as reduced by the court would seem fairer than the sentence required by law under the judgment of conviction appealed from. In reaching the preferable human result under the facts presented, however, the court's memorandum opinion misinterprets the plain meaning of the governing section in a manner that is likely to have unintended consequences in other cases.

Penal Law § 155.20 (1) provides in pertinent part: "[V]alue means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime."

The trial record provides an adequate basis for the trial court's judgment that in this case the market value of the property at the time and place of the crime could not be "satisfactorily ascertained." Accordingly, it was appropriate under the statute to determine value on the basis of "the cost of replacement of the property within a reasonable time after the crime."

The term "cost of replacement" seems to me clearly incompatible with an inquiry into the actual condition of the stolen property. The principle underlying "cost of replacement" is that value is to be measured by the amount that would be required to replace that which was stolen. If, of course, there was a market value for used equipment of the type with which we are concerned, that market value would represent the value of the property under the relevant statute. But the evidence indicates that there was no market in used equipment, which is the very reason that the court permitted the jury to consider evidence on the cost of replacement.

With the single arguable exception of *People v Medina* (111 AD2d 653, *appeal dismissed* 67 NY2d 644), none of the authorities cited in the court's memorandum are relevant to the issue before us. All involve cases in which the prosecutor undertook to establish market value, not cost of replacement, and did so on the basis of the original purchase price. The issue addressed in the decisions referred to was whether or not the original purchase price, given the lapse of time since the purchase and the evidence or lack of evidence bearing on the condition of the property at the time of the larceny, was sufficient to establish the market value of the property in accordance with the People's burden to establish the particular value required by the relevant statute.

In *Medina (supra)*, the only case even to refer to the cost of replacement, it is apparent that the reference was a passing one in an opinion primarily focused on market value, in which the court did not undertake a serious analysis of the issue before us.

A somewhat closer issue is presented by the fact that the evidence of the cost of replacement adduced—$598.24—was the cost of replacing the entire telephone coin box unit, and

that no evidence was presented as to the separate value of the receiver, which was not found in the possession of the defendant. It seems to me obvious as a matter of common experience that the receiver could not conceivably have represented more than half the value of the entire unit, and that the jury therefore had an adequate basis for concluding that the cost of replacement of that which was found in defendant's possession was more than the $250 required at the time of the event.

Accordingly, the judgment of the Supreme Court, Bronx County (Martin Klein, J.), rendered April 29, 1985, which convicted defendant of criminal possession of stolen property in the second degree and sentenced him to a prison term of 2 to 4 years, should be affirmed.