■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered September 14, 1983, as amended August 1, 1984, convicting him of criminal possession of stolen property in the second degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

We find, contrary to the defendant's contention, that the trial court did not err in refusing to submit to the jury the crime of criminal possession of stolen property in the third degree as a lesser included offense of criminal possession of

stolen property in the first degree, the crime for which the defendant was indicted. The Penal Law, at the time of the trial of this action, classified the third degree offense as a class "A" misdemeanor (see, Penal Law former § 165.40). In order to fall within the parameters of this misdemeanor crime, the value of the stolen property could not exceed the sum of $250 (see, Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 165.40, at 243).

To sustain a conviction under the provisions pertaining to criminal possession of stolen property, the market value of the stolen property at the time and place of the crime or the cost of replacement within a reasonable time thereafter is pertinent (see, Penal Law § 155.20; People v Moore, 114 AD2d 765, lv denied 67 NY2d 654; People v Rota, 111 AD2d 275; People v Jones, 111 AD2d 264). With respect to stolen vehicles, it has been noted that: "[W]here the cost of the automobile is substantially above the monetary value prescribed by the applicable penal statute and other facts adduced at trial, such as the description of the condition of the property at the time of the theft and the period of time which elapsed between the date of purchase and the date of the theft, negate the possibility that the vehicle's market value has significantly depreciated, there exists sufficient evidence * * * that the market value of the car at the time and place of the theft was in excess of the statutory minimum necessary to sustain a conviction" (People v James, 111 AD2d 254, 255-256, affd 67 NY2d 662).

With reference to the facts of this case, the complaining witness testified that she purchased the subject vehicle, a 1973 model Monte Carlo, for the sum of $2,000, 4 to 5 months prior to its theft. She further testified that she had the vehicle painted shortly after it was purchased and that the automobile was in fine condition on the date of the theft. Of additional significance is the fact that a witness called by the codefendant, who was qualified by the court as an expert in evaluating automobiles, testified that the minimum value of a 1973 Monte Carlo, at the time of the commission of the crime, was $625.

In view of the foregoing, we conclude that the evidence was sufficient, as a matter of law, to establish that the value of the vehicle exceeded $250 and that the submission of the lesser included offense of criminal possession of stolen property in the third degree was not warranted under the circumstances.

Equally unavailing is the defendant's assertion that the trial court erred in its instructions to the jury regarding the

terms "knowingly" and "possess", since the court's charge conformed to the Penal Law definitions of those terms (see, Penal Law § 15.05 [2]; § 10.00 [8]).

We have examined the defendant's remaining contention and find it to be devoid of merit. Mollen, P. J., Kunzeman, Eiber and Spatt, JJ., concur.