■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER BURGESS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Myerson, J.), both rendered November 12, 1986, convicting him of assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and grand larceny in the second degree under indictment No. 2785/85, upon a jury verdict, and unauthorized use of a vehicle in the third degree under indictment No. 3389/85, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

On the instant appeal, the defendant argues that the trial court committed reversible error when it neglected to advise the jury of the statutory definitions of the words "deprive" and "appropriate" *(see,* Penal Law § 155.00 [3], [4]) with respect to that count of the indictment which charged him with grand larceny in the second degree. However, the defendant never requested that the court include these statutory definitions in its charge and did not object to the court's charge on the grand larceny count. Accordingly, this argument has not been preserved for appellate review and we see no reason, on this record, to reverse the defendant's conviction in the exercise of our interest of justice jurisdiction (CPL 470.05 [2]; *People v Burnice,* 112 AD2d 642, 643).

We have considered the defendant's remaining arguments and find them to be unpreserved for appellate review or without merit (CPL 470.05 [2]; *People v Perez,* 139 AD2d 603; *People v DePass,* 130 AD2d 586). Mollen, P. J., Mangano, Bracken and Brown, JJ., concur.