■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA BEAUCHAMP, Appellant.—Judgment unanimously affirmed. Memorandum: We have reviewed the issues raised by defendant on appeal and find that none has merit. Initially, we affirm the finding that there was probable cause to arrest defendant. The police had information sufficient to support a reasonable belief that an offense had been committed and that

defendant was one of the perpetrators *(see, People v Carrasquillo,* 54 NY2d 248, 254).

Additionally, the proof of value of the stolen tools and equipment was sufficient to sustain a conviction of grand larceny in the third degree (Penal Law former § 155.30 [1]). Value means "the market value of the property at the time and place of the crime" (Penal Law § 155.20 [1]). The original cost of an item is some proof of value, but may not provide conclusive proof of value at the time of the crime *(see, People v Harold,* 22 NY2d 443). Original cost may, however, provide sufficient evidence of value where the difference between the cost of the item and the statutory threshold is wide, and there is no risk of rapid depreciation *(see, People v Carter,* 19 NY2d 967). Here, the owners of the stolen property testified that several of the items were less than one year old and in excellent condition. The cost of those items alone exceeded $900. Other stolen tools and equipment were more than one year old but were in good condition. There was testimony that their initial cost exceeded $1,200. This proof sufficiently established that the market value of the property at the time of the crime exceeded $250. (Appeal from judgment of Monroe County Court, Maloy, J.—grand larceny, third degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.