■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered February 22, 1988, convicting him of criminal possession of stolen property in the third degree, possession of burglar's tools, unauthorized use of a motor vehicle in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges the legal sufficiency of the evidence concerning the value of the stolen 1987 Toyota Corolla which he was convicted of criminally possessing. The People's expert testified that the value of the car, taking account of its mileage and the damage described by the arresting officers, was $7,643.57 at the time the defendant possessed it. The officers had testified that the car had a broken window, a broken ignition cylinder, and was missing its radio and speakers. The lessee of the car, from whose possession it was stolen, testified that it was in fine condition when he last saw it on the previous evening. An employee of the owner/lessor testified that at the time the automobile was leased, two days prior to the theft, the car had less than 5,000 miles on its odometer. The proof was legally sufficient to support the finding that, beyond a reasonable doubt, the car had a market value in excess of $3,000 at the time the defendant criminally possessed it (People v Perez, 139 AD2d 603), thus satisfying the monetary criterion set forth in Penal Law § 165.50.

The defendant also challenges the legal sufficiency of the evidence upon which he was found guilty of possessing burglar's tools. A plain-clothes police officer initially spotted the defendant driving the stolen vehicle. After a short chase, the

police found the car abandoned in the road, its driver's door open and engine running. The police found two screwdrivers and a kitchen knife on the front passenger side floor of the car. The vehicle's ignition cylinder had been pulled, requiring that an officer employ one of the screwdrivers to shut off the engine. The police used the same method to restart the engine in order to drive the car back to police headquarters. Shortly thereafter, when the defendant was apprehended, he had on his person four nuts and bolts of a type commonly used for attaching license plates. The plates found on the car were from a different vehicle, registered at the defendant's address. The defendant was also in possession of a pair of tweezers. The prosecution elicited testimony to the effect that the screwdrivers, knife, and tweezers were tools commonly used in thefts of this type. This evidence was legally sufficient to support the jury's verdict (see, People v Borrero, 26 NY2d 430, 434-435). Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.