■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON WHITE, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered December 16, 1988, convicting defendant, after trial by jury, of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree and sentencing him to concurrent prison terms of 2 to 4 years and one year, respectively, is unanimously affirmed.

Defendant contends, on appeal, that his conviction of criminal possession of stolen property in the third degree violates due process because there was insufficient proof that he possessed a stolen car that had a value in excess of $3,000. Defendant asserts there was no expert testimony or any other evidence establishing the "blue book" value of this 1986 Ford Tempo.

Initially, we note that the theory of the entire defense was that defendant did not knowingly or exclusively possess the stolen vehicle. Defendant never raised the issue of the value of the car in Criminal Term nor did he challenge the People's proof in this regard. However, when the evidence adduced at trial is legally insufficient to establish the defendant's guilt of the offense, this court, pursuant to CPL 470.15 (4) (b), may reverse or modify the judgment on the law, whether or not the defendant expressly requested or protested the trial court's ruling *(People v Kilpatrick,* 143 AD2d 1, 3).

In any event, contrary to defendant's contentions, the People clearly proved the value of the stolen car exceeded $3,000 beyond a reasonable doubt.

The value of the stolen property at the time of the crime may be "established by proof of the original cost of the item reduced to reflect the actual condition of the property, in terms of how long it has been used and its state or utility or damage" *(People v Corbett,* 129 AD2d 433, 435, *appeal dismissed* 70 NY2d 870). The owner testified he purchased this 1986 Ford for $9,000 in March of 1987. This was 11 months before the crime. "The original cost of an item is some proof of value, but may not provide conclusive proof of value at the time of the crime *(see, People v Harold,* 22 NY2d 443). Original cost may, however, provide sufficient evidence of value where the difference between the cost of the item and the statutory threshold is wide, and there is no risk of rapid depreciation *(see, People v Carter,* 19 NY2d 967)". *(People v Beauchamp,* 148 AD2d 921, 922.)

In addition, however, Hui, a mechanic and shop foreman at Bridge Ford, where the car was stolen, testified that a car under normal circumstances would depreciate $1,500 in a year and that the 1986 Ford required only $300 in repairs when he checked it the day before it was stolen. While the People did not expressly qualify Mr. Hui as an expert witness, in fact a proper foundation was laid for such testimony and the court, in effect, qualified him as such a witness. This is clearly borne out by the fact the court sustained objections repeatedly to questioning of a prior witness, Rivera, as to the rate of depreciation because there had been "[n]o foundation as to his experience". Subsequently, when objection was made to questioning of Hui as to the rate of depreciation, the court overruled the general objection of defense counsel and allowed the answer. The difference between the two rulings clearly lay in the fact Hui's experience and qualifications as a mechanic *had* been adduced by the People before the questioning. Buttressing this tacit finding by the court that Hui was an expert witness was the testimony by Hui on cross-examination that other mechanics came to him when they "don't know how to fix" automobiles they were working on.

Penal Law § 155.20 (1) provides that value means "the market value of the property at the time and place of the crime," or "the cost of replacement of the property within a reasonable time after the crime." As noted above, the price paid for property is some proof of value and under certain circumstances can even furnish conclusive proof *(see, People v Sloan,* 159 AD2d 301, *lv denied* 76 NY2d 743). But, in any event, there was substantial proof here and "where the cost of the automobile is substantially above the monetary value

prescribed by the applicable penal statute and other facts adduced at trial, such as the description of the condition of the property at the time of the theft and the period of time which elapsed between the date of purchase and the date of the theft, negate the possibility that the vehicle's market value has significantly depreciated, there exists sufficient evidence from which the jury could infer, beyond a reasonable doubt, that the market value of the car at the time and place of the theft was in excess of the statutory minimum" *(People v James,* 111 AD2d 254, 255-256).

Since the People's proof included the model, age, condition prior to the theft, operability of the auto upon its recovery, the purchase price, the fact it was still under warranty at the time of the theft, the cost of the only repair it needed and the amount of depreciation, the fact that the stolen auto had a monetary value well in excess of the statutory minimum was proven beyond a reasonable doubt. Concur—Milonas, J. P., Rosenberger, Asch and Kassal, JJ.