■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH ESPOSITO, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Marrus, J.), all rendered June 15, 1988, convicting him of criminal possession of stolen property in the third degree under Indictment Number 8717/87, upon a jury verdict, and criminal possession of stolen property in the third degree (two counts, one each as to Indictment Nos. 3739/88 and 4576/88), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

While on patrol, two police officers observed the driver of a

nearby automobile acting in a nervous manner. The officers followed the other vehicle for a few blocks, never losing sight of the driver, until suddenly he pulled the car up onto a sidewalk, jumped out and started running away. The officers chased the individual down the block until they caught him. They then returned to the vehicle where they observed that it was still running, although there was no key in the ignition, and that it had sustained both interior and exterior damage. The officers arrested the driver.

At trial, the only real issue concerned the vehicle's value, which the People's expert witness calculated to exceed $3,000. In reaching this figure, the witness had deducted specific amounts to account for the damage to the car at the time it was found in the defendant's possession. The defendant offered no evidence as to the vehicle's value.

To establish the value of stolen property in order to charge the appropriate degree of a criminal act, one must consider the "market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]; *see, People v Perez,* 139 AD2d 603, 604; *see also, People v White,* 167 AD2d 256). In *People v Davis* (155 AD2d 611), this court found that there was legally sufficient evidence of criminal possession of stolen property in the third degree. The People's expert had made deductions for the damage to the vehicle at the time the defendant possessed it, and still found that its value exceeded $3,000 *(see,* Penal Law § 165.50). Conversely, where no allowances were made by the People's experts for damages to vehicles at the time they were found in the defendants' possession, the same charges were not sustained *(see, People v James,* 67 NY2d 662, *affg* 111 AD2d 254; *People v Corbett,* 129 AD2d 433, 434; *People v Rivera,* 114 AD2d 305, 306; *People v Jones,* 111 AD2d 264).

Because a proper evaluation of the vehicle's value was undertaken by the People's expert in this case, we find that there was legally sufficient evidence to establish the defendant's guilt beyond a reasonable doubt under Indictment No. 8717/87 *(see, People v Contes,* 60 NY2d 620, 621).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.