OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
It cannot be said as a matter of law that the People’s evidence of value was insufficient. The People’s expert testified that he was familiar with the retail market for Commodore computers, that the company did not sell the computers used, or authorize its dealers to do so, and that he knew of no market for used Commodore computers. The People were not required to show whether the equipment had an established value in the black market, since that standard is only applicable when the stolen items are contraband, such as drugs, which may not be sold legally (People v Irrizari, 5 NY2d 142, 145-146). The expert’s concession that an individual owner was free to sell used equipment to another person does not indicate the existence of a market for the used equipment, which contemplates that the sales occur with some regularity and uniformity (People v Irrizari, supra, at 146).
The statute provides that replacement cost may be used if *773 market value "cannot be satisfactorily ascertained” (Penal Law § 155.20 [1]), and the testimony of the People’s expert, if credited, permitted the People to use this alternative method of valuation. It was, therefore, proper for the court to charge the jury to this effect.
The defendant’s alternative argument that the People’s proof of replacement cost was insufficient because it did not take into account depreciation in the hands of the owner (People v Harold, 22 NY2d 443), was not raised at trial and thus was not preserved for review.
The other argument raised by the defendant is without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.