■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BAYUSIK, Appellant. [596 NYS2d 225] —Judgment modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: Defendant was convicted, following a nonjury trial, of criminal possession of stolen property in the third degree and grand larceny in the fourth degree for removing two gravestones from the Mt. Hope Cemetery in Rochester. The only issue raised on this appeal is whether the People presented sufficient proof of the value of the stolen items to support defendant's felony convictions.

The People's expert witness testified that one gravestone was a thick slab of marble which marked the grave of a one-year-old child who died on May 23, 1852. The other was a Victorian-era white marble cross with carved ivy leaves on a

vine encircling the cross on an ornately carved base. There was undisputed evidence that, at the time defendant removed them from the cemetery, the stones were no longer standing, but were lying on or near the graves they marked. Additionally, the cross was broken into two pieces.

The People's expert testified, and defendant's expert agreed, that there was no market for used gravestones. According to the People's expert, the replacement value of the hand-carved marble cross was $5,000 and the replacement value of the infant's stone was between $600 and $700. In reaching its verdict, Supreme Court concluded that the broken condition of the cross did not alter its replacement valuation of $5,000. We disagree.

It is axiomatic that in determining value the condition of the item must be taken into account (see, People v Harold, 22 NY2d 443, 445; People v Medina, 111 AD2d 653, appeal dismissed 67 NY2d 644). Because used gravestones generally do not have an ascertainable market, their value is based on "the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]). When determining replacement cost, however, the item's value must be adjusted to take into consideration the actual condition of the item and the extent of any damage (see, People v Corbett, 129 AD2d 433, 435, appeal dismissed 70 NY2d 870). Here, the marble cross headstone, prior to being stolen, was broken and laying in pieces on the ground.

This case is therefore distinguishable from People v Vientos (164 AD2d 122, affd 79 NY2d 771), relied upon by the dissent, where the issue was whether economic obsolescence should be considered in determining replacement cost. That case was decided 3 to 2, and on appeal the Court of Appeals refused to decide whether physical depreciation should have been considered in determining replacement cost because that issue had not been preserved. We need not determine that question because here we are not being asked to consider normal wear and tear or economic obsolescence, but, rather, the damaged condition of the monument. The majority in Corbett (supra) rejected the strict construction of Penal Law § 155.20 (1), advocated by the lone dissenter in that case and adopted by the dissent herein.

Because the People's proof concerning the replacement cost of the cross did not take into consideration that the monument was broken, it did not constitute competent proof of value. Since the People failed to establish the value of the

cross, its value must be deemed to be less than $250 (Penal Law § 155.20 [4]). Under those circumstances, the ascertained value of the two monuments was less than $1,000. The evidence established, however, that defendant stole property and knowingly possessed stolen property with intent to benefit himself. Therefore, defendant's conviction of criminal possession of stolen property in the third degree and grand larceny in the fourth degree must be modified by reducing the conviction to criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and petit larceny (Penal Law § 155.25) respectively, and by vacating the sentence imposed thereon, and the matter is remitted to Supreme Court for resentencing (CPL 470.15 [2] [a]).

All concur except Pine and Doerr, JJ., who dissent and vote to affirm in the following Memorandum.

Pine and Doerr, JJ. (dissenting). We dissent. In our view, the People's proof sufficiently established that the replacement value of the stolen items was at least $5,600. The expert for the People and the expert for defendant agreed that used gravestones have no market value. Where stolen merchandise has no ascertainable market value, its value is based upon "the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]). We disagree with the conclusion reached by the majority that the actual condition of the item must be taken into consideration when determining replacement value. When replacement value is used, the condition of the item in the hands of the owner is not considered. "Since replacement value only comes into play where there is no market at all for the secondhand item, depreciation does not affect the impact of the wrong upon the owner who can only turn to the retail seller to make good his loss" *(People v Vientos,* 164 AD2d 122, 125, *affd* 79 NY2d 771; *see also, People v Corbett,* 129 AD2d 433, 436 [Sandler, J., dissenting], *lv denied* 70 NY2d 870). It should be no defense that a wrongdoer relied "upon the poor condition of the stolen item to mitigate his criminal liability; if there is no market he takes the subject of the theft as he finds it with all the risks, including ultimate replacement valuation, attendant thereto" *(People v Vientos, supra,* at 126-127). Although the condition of the gravestones stolen by defendant had deteriorated over time, the gravestones were still performing the function of marking gravesites. The families of the deceased persons whose graves were now unmarked would have no choice but to turn to the retail market to purchase suitable replacement headstones, at a cost of $5,000 and $600 to $700. That is the

measure of replacement value. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Stolen Property, 3rd Degree.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.