■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED GROSSFELD, Appellant. [628 NYS2d 331] —Appeal by the de-

fendant from a judgment of the Supreme Court, Suffolk County (Leis, J.), rendered March 16, 1993, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the application of the permissive statutory presumption under Penal Law § 165.55 (2) to the facts of this case was unconstitutional. However, because defense counsel failed to raise this contention at trial, it is unpreserved for appellate review (see, CPL 470.05 [2]; People v Iannelli, 69 NY2d 684, cert denied 482 US 914; People v Dozier, 52 NY2d 781). While the defendant raised this contention in his motion to set aside the verdict pursuant to CPL 330.30, this motion did not preserve the issue for appellate review (see, People v Padro, 75 NY2d 820).

In any event, the evidence indicates that the defendant triggered the presumption by failing to make any inquiry as to the legal right of possession of the person from whom he obtained the stolen property (see, People v Agnello, 178 AD2d 414). In addition, the defendant acquired the goods under suspicious circumstances. When the person who offered the goods to the defendant first contacted him, he told the defendant that the defendant did not need to know where he obtained the defendant's telephone number. Thereafter, the defendant travelled from his business on Long Island to a diner in Parsippany, New Jersey, to deliver a check to the mysterious seller. While the defendant later cooperated with the police investigation into the stolen goods, he did not turn over to the police his business records as requested. Therefore, there was a rational connection between the facts proved and the ultimate facts presumed (see, County Ct. v Allen, 442 US 140; Leary v United States, 395 US 6; People v Baveghems, 107 AD2d 815; People v Oakley, 95 AD2d 944).

The defendant also argues that he was deprived of the effective assistance of counsel at trial. The defendant contends that the trial counsel failed to pursue the defense that the statutory presumption under Penal Law § 165.55 was inapplicable to the facts of this case, that trial counsel failed to allow the defendant to take the stand in his own defense, and that trial counsel's summation was improper. Because the first two grounds refer to matters dehors the record, they could not properly be raised in a motion pursuant to CPL 330.30 and therefore they are not properly before this Court on the appeal

from the final judgment of conviction *(see,* CPL 330.30 [1]). Regarding the third ground, the trial counsel's summation focused in part on the theory that the People could not prove that the goods recovered from the possession of the defendant were the same as the goods that were reported stolen. Viewing the trial counsel's performance in its totality, it cannot be said that the defendant was not provided with meaningful representation *(see, People v Santiago,* 158 AD2d 629).

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Rosenblatt, Thompson and Hart, JJ., concur.