■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH BROWN, Appellant. [631 NYS2d 828] —Judgment, Supreme

Court, New York County (Antonio Brandveen, J.), rendered June 8, 1992, convicting defendant, after a jury trial, of attempted grand larceny in the third degree, unauthorized use of a vehicle in the second degree and possession of burglar's tools, and sentencing him, as a second felony offender, to two concurrent terms of 2 to 4 years and a lesser concurrent prison term, unanimously affirmed.

Defendant's argument that his rights under *Brady v Maryland* (373 US 83) were violated because the police failed to impound the vehicle is unpreserved for appellate review as a matter of law (CPL 470.05 [2]). In any event, it lacks merit since the police had no affirmative obligation to take this evidence into their custody (*see, People v Alvarez*, 70 NY2d 375).

The court's *Sandoval* ruling permitting the prosecutor to cross-examine defendant with regard to his use of aliases was not an improvident exercise of discretion (*People v Walker*, 83 NY2d 455). The aliases concerned crimes about which the court, in its *Sandoval* ruling, allowed the People to question defendant. Furthermore, the court's *Sandoval* ruling struck an appropriate balance: the prosecutor was precluded from asking about the underlying facts of defendant's convictions, but allowed to explore, *inter alia*, defendant's willingness to provide false information.

Defendant's argument that the People failed to prove that the value of the car exceeded the statutory threshold of $3,000 is unpreserved as defendant never raised this issue at trial (*People v Gray*, 86 NY2d 10). In any event, the complainant's testimony with respect to the purchase price of the car, $14,000, which exceeded the statutory threshold by $11,000, combined with his testimony that the car was well-maintained, had never been in an accident, had been driven approximately 69,000 miles and was priced by used car books at $7,500 to $8,000, constituted sufficient evidence for the jury to infer that the value of the car exceeded $3,000 (*People v White*, 167 AD2d 256, *lv denied* 77 NY2d 912).

Finally, the record demonstrates that trial counsel competently represented defendant and that defendant's present complaints pertain to a legitimate, but failed, trial strategy (*People v Baldi*, 54 NY2d 137). Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.