# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1186**
**KA 13-01146**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DARRELL W. VANDEMORTEL, DEFENDANT-APPELLANT.

---

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered March 4, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]), defendant contends that the evidence is not legally sufficient to establish that the value of the stolen property, i.e., a backhoe, exceeded $1,000 at the time of the crime. We reject that contention. It is well settled that "the market value of a stolen item is to be measured by what the thief would have had to pay had he purchased the item instead of stealing it" (*People v Harold*, 22 NY2d 443, 445). "It is axiomatic that in determining value the condition of the item must be taken into account" (*People v Bayusik*, 192 AD2d 1073, 1074, *affd* 83 NY2d 774). Furthermore, "[w]here . . . the cost of the property at issue is 'substantially above the monetary value prescribed by the applicable penal statute and other facts adduced at trial, such as the description of the condition of the property at the time of the [crime] and the period of time [that] elapsed between the date of purchase and the date of [crime], negate the possibility that the [property's] market value has significantly depreciated, there exists sufficient evidence from which the jury could infer, beyond a reasonable doubt, that the market value of the [property] at the time and place of the [crime] was in excess of the statutory minimum necessary to sustain a conviction' " (*People v Alexander*, 41 AD3d 1200, 1201, *lv denied* 9 NY3d 920, quoting *People v James*, 111 AD2d 254, 255-256, *affd* 67 NY2d 662).

Here, the People introduced evidence that the backhoe was manufactured in the early 1970s, and that the owner bought it several

years before the crime for $6,500.  The People also introduced evidence that the backhoe's owner maintained it and installed several new parts, including a fuel pump that cost nearly $725.  In addition, the People introduced evidence that the backhoe remained operational and that the owner used it every summer until the summer of 2011 when it was stolen.  We conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that the value of the backhoe exceeded the statutory threshold of $1,000 at the time of the crime (*see People v Stein*, 172 AD2d 1060, 1060-1061, *lv denied* 78 NY2d 975).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court