■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROBERT CALDWELL, Appellant. [604 NYS2d 75] —Judgment, Supreme Court, New York County (Richard Failla, J.), rendered April 9, 1991, convicting defendant, after jury trial, of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree, and, upon his plea of guilty, of assault in the first degree, and sentencing him, as a persistent violent felony offender, to terms of 7½ to 15 years, 3½ to 7 years, 3½ to 7 years, and 7½ to 15 years, respectively, to be served concurrently, unanimously affirmed.

While defendant was awaiting arraignment on attempted murder charges, the detective investigating an unrelated incident, during which defendant had been recognized and named by another officer, learned of his detention and picked him up from the prearraignment holding area of the courthouse to return him to the precinct for a lineup identification and questioning. The lineup took place within 3 to 4 hours of their arrival at the precinct, after fillers were obtained and the identifying officer retrieved from his field assignment. Approximately 2 to 3 hours later, defendant received and waived his *Miranda* warnings and made a statement concerning the earlier incident.

When defendant was picked up from the courthouse, he had already been held for some 2 days without arraignment but he makes no complaint about this initial period of delay. As for the delay caused by the investigation into the charges unrelated to his prearraignment detention, we find no merit to defendant's argument that the delay was unnecessary or calculated to prevent attachment of his right to counsel *(see, People v Hopkins,* 58 NY2d 1079). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Rubin, JJ.