■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL RODRIGUEZ, Appellant. [648 NYS2d 9] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered May 13, 1993, convicting him, after a jury trial, of manslaugh-

ter in the first degree, and sentencing him, as a persistent felony offender, to a term of 17 years to life, unanimously affirmed.

Suppression of defendant's videotaped statement made at 7:00 P.M. to an Assistant District Attorney was properly denied, since it followed a "definite, pronounced break" in defendant's interrogation, such that defendant was no longer under the influence of prior questioning (*People v Chapple*, 38 NY2d 112, 115). The substantive questioning of defendant began at noon, with the aid of a Spanish-speaking officer, and, after defendant made certain admissions, he was read and waived his *Miranda* rights. During the next few hours, defendant made a full confession to the assigned detective which was reduced to writing, and signed by defendant at 3:45 P.M. Between that time and 5:30 P.M., with at least one intervening break, the statement was reviewed by a Spanish interpreter, and subsequently defendant, and it was translated into English by the Spanish-speaking officer. Between 5:30 and 7:00 P.M., defendant was left undisturbed and was offered something to eat and drink. In light of this one and one-half hour break in the questioning (*see, People v Dunkley*, 200 AD2d 499, *lv denied* 83 NY2d 871; *People v Vientos*, 164 AD2d 122, 127, *affd* 79 NY2d 771; *cf., People v Robertson*, 133 AD2d 355), the introduction of a new interrogator (*People v Vientos, supra*), the re-administration of new *Miranda* warnings (*see, People v Nova*, 198 AD2d 193, 195, *lv denied* 83 NY2d 808), and the fact that the prosecutor made no mention of the prior statements during the videotaping (*cf., People v Jones*, 87 AD2d 761, 763), we find suppression was properly denied. Concur—Milonas, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.