■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERTON HERON, Appellant. [657 NYS2d 694] —Judgment,

Supreme Court, New York County (Carol Berkman, J.), rendered May 25, 1995, convicting defendant, upon his plea of guilty, of robbery in the first degree and criminal possession of a controlled substance in the second degree, and sentencing him to concurrent terms of $8^1/_3$ to 25 years and $8^1/_3$ years to life, respectively, unanimously affirmed.

Defendant's motions to suppress a written statement and identification testimony were properly denied. The arresting officer improperly asked defendant, while being transported to the precinct, "why did you guys do it", without first having provided *Miranda* warnings, and defendant's oral statement in response was suppressed. However, the motion court properly declined to suppress defendant's written statement, made later at the precinct. At the precinct, there was a 30-minute interval during which defendant was placed in a holding cell and did not converse with any police officers, another interrogating officer read defendant his *Miranda* rights before soliciting any information, and the arresting officer was not present during that interrogation and did not communicate defendant's oral statement to anyone (*see, People v Vientos*, 164 AD2d 122, 127, *affd* 79 NY2d 771; *People v Hawthorne*, 160 AD2d 727).

The fillers selected for defendant's lineup were reasonably similar in appearance to defendant, and the lineup was therefore not unduly suggestive (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833). We find that there was no necessity for testimony by the identifying witness. Concur—Sullivan, J. P., Milonas, Wallach, Tom and Mazzarelli, JJ.