■ HERBERT L. GETTYS et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, et al., Defendant. [670 NYS2d 28] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about March 18, 1997, which denied plaintiffs' motion for partial summary judgment on the issue of liability, pursuant to Labor Law § 240, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for an assessment of damages.

In the wake of the terrorist bombing of the World Trade Center, plaintiff Herbert Gettys was performing electrical repair work in basement level B-4 of Building 1, in April 1994, when he fell from an elevated platform and suffered injury. In his December 1995 deposition, the injured plaintiff described the makeshift scaffold, which had given way under him, as made of two pieces of plywood, approximately 10 feet long and 2 feet wide, placed side by side, not tied together but resting on four cinder blocks. In September 1996, a Port Authority construction engineer testified that the location of the accident was a training room where there had been a "raised floor" that was damaged in the blast. Two months later, in an affidavit, the injured plaintiff's co-worker described the platform as made of planks, approximately 4 feet off the ground, placed (but not secured) atop "two (2) adjacent walls or stacks of cinder blocks." In January 1997, the engineer noted in an affidavit that cinder blocks (known as "concrete masonry units") of a standard 8 inches in height were utilized in the construction of One World Trade Center. In February 1997, the injured plaintiff submitted an affidavit in which he further described the configuration of the platform as two plywood boards seated on four cement cinder blocks, all resting on a "raised flooring which I believe was once part of a computer room floor structure prior to the terrorist blast * * * The distance that I fell was approximately four (4) feet."

Referring to the statute's purpose as protecting workers from exceptionally dangerous conditions posed by elevation differentials at work sites (see, Misseritti v Mark IV Constr. Co., 86 NY2d 487, 491), the IAS Court found "sufficient circumstantial evidence to raise an issue of fact as to the height of the scaffold" in question ("eight inches as opposed to four feet"), and denied summary judgment. We disagree.

Defendant Port Authority's protestations notwithstanding, the injured plaintiff's testimony and his later affidavit are not

inconsistent. There is no dispute that he fell from a raised platform. His affidavit (consistent with that of his co-worker) suggested an elevation differential of 4 feet, whereas his earlier deposition testimony offered no estimate of height. The engineer's description of the dimensions of the standard cinder block utilized in World Trade Center construction bears little on the actual elevation of this particular platform, except as to Port Authority's concession that four such blocks stacked one upon another would total a mere 32 inches. The difference between 2 feet 8 inches and 4 feet is not a material inconsistency creating an issue of fact on the question of liability, since even a platform elevated only 2 feet from the ground would be subject to the protection of the statute (*see, Casabianca v Port Auth.*, 237 AD2d 112). Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.