■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE HOTCHKISS, Appellant. [691 NYS2d 3] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered August 1, 1996, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of imprisonment of 25 years to life, 15 years, and 7 years, respectively, unanimously affirmed.

Defendant's claim that his second and third statements should have been suppressed because he was effectively denied his right to counsel prior to the second statement and because there was insufficient attenuation between the statements, is unsupported by the record. There was no evidence that defendant's arraignment was "imminent" or that there was an unnecessary delay in arraignment (*see, People v Hall*, 158 AD2d 69, 80-81, *lv denied* 76 NY2d 940). Rather, since the judicial process had not yet begun, the police properly conducted a second interview of defendant, notwithstanding the circumstance that the arrest processing had begun (*see, People v Wilson*, 56 NY2d 692), when it was discovered that defendant faced a more serious charge and that further investigation was warranted (*see, People v Quartieri*, 171 AD2d 889, 891, *lv denied* 78 NY2d 1079).

Contrary to defendant's alternative claim, there was no need for readministration of *Miranda* warnings before defendant's second statement, made after the *Miranda* rights had been administered and waived by defendant, not a novice to the criminal justice system (*see, People v Crosby*, 91 AD2d 20, 29, *lv denied* 59 NY2d 765). Defendant remained in continuous custody, nothing occurred that would have induced defendant to believe he was no longer the focal point of the investigation, and there was no reason to believe that defendant "had forgotten or no longer understood his constitutional rights" (*People v Johnson*, 49 AD2d 663, 665, *affd* 40 NY2d 882). In this connection, as noted by the court, prior to defendant's third (videotaped) statement, he acknowledged that he had previously been advised of and understood his rights, was aware of his rights throughout the proceedings, and willingly waived them again. Further, even if defendant's second statement were ruled inadmissible, his third statement, made approximately 4 hours after the second statement and preceded by administration and waiver of the *Miranda* rights, was sufficiently attenuated so that defendant would properly be considered to have been no longer under the influence of the

prior questioning (*see, People v Rodriguez*, 231 AD2d 477, *lv denied* 89 NY2d 1099). Since defendant's third statement repeated the essence of his second statement, in a detailed narrative of the events in question, any error in admitting his second statement would be harmless. Concur—Nardelli, J. P., Tom, Lerner and Mazzarelli, JJ.