■ EUGENE PAPAPIETRO, Appellant, v ROCK-TIME, INC., et al., Respondents. ROCKEFELLER CENTER NORTH, INC., et al., Third-Party Plaintiffs-Respondents, v SCHINDLER ELEVATOR CORPORATION et al., Third-Party Defendants-Respondents. [695 NYS2d 568] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about May 1, 1998, which, *inter alia*, granted defendants' motions for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action, unanimously affirmed, without costs.

Plaintiff fell while stepping several feet down from the "crosshead" beam atop the roof of an elevator, to the top of a machine located on the elevator roof. Accepting, arguendo, plaintiff's argument that the crosshead functioned as a scaffold above the surface of the roof, this would not constitute the type of gravity-related accident covered by Labor Law § 240 (1) (*see, Nieves v Five Boro Air Conditioning & Refrig. Corp.*, 93 NY2d 914; *Fulton v Northland Assocs.*, 248 AD2d 1020). Moreover, to the extent the elevator roof functioned as a scaffold for work being performed on the counterweight rollers, the crosshead was a part of it, and accordingly plaintiff's fall was onto, and not from or through, the scaffold (*see, Bonaparte v Niagara Mohawk Power Corp.*, 188 AD2d 853, *appeal dismissed* 81 NY2d 1067).

Plaintiff's Labor Law § 240 (1) cause of action was properly dismissed for the additional reason that he was not "repairing" the building at the time of his accident. Plaintiff's replacement of the roller guards on the elevator counterweights cannot be viewed as a "repair" since plaintiff presented no evidence that the elevator was "inoperable or malfunctioning prior to the commencement of the work" (*Craft v Clark Trading Corp.*, 257 AD2d 886, 887). Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.