■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BRISMAN, Appellant. [700 NYS2d 711] —Judgments, Supreme Court, New York County (Budd Goodman, J.), rendered July 28, 1995, convicting defendant, upon his pleas of guilty, of two counts of manslaughter in the first degree, one count of robbery in the first degree, one count of attempted robbery in the first degree and violation of probation under a youthful offender adjudication for attempted sale of a controlled substance in the third degree, and sentencing him to an aggregate term of 20 to 60 years, unanimously affirmed.

Defendant argues that his statements made before his arraignment on the robbery charge should have been suppressed on the ground that the police unnecessarily delayed the arraignment, thereby preventing the attachment of his right to counsel. However, there was no showing that defendant's arraignment was "imminent" (*People v Lockwood*, 44 NY2d 769, *revg on dissenting opn* 55 AD2d 17, 20-25). The statements are unrelated to the charge on which he was in custody and whose arraignment he alleges was delayed. Moreover, the court properly found delay was necessitated by the police investigation into unrelated homicide charges (*People v Caldwell*, 198 AD2d 178, *lv denied* 83 NY2d 803), including the need to arrange a lineup (*see, People v Sease*, 265 AD2d 176). We have reviewed defendant's remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Mazzarelli, Wallach and Saxe, JJ.

■ JAIME FIGUEROA, Appellant, v CENTER ASSOCIATES et al., Respondents, et al., Defendant. [700 NYS2d 709] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered July 9, 1998, which denied plaintiff's motion for summary judgment as to liability on his Labor Law § 240 (1) cause of action against defendant Center Associates, a New York partnership, unanimously affirmed, without costs.

There are issues of fact as to whether plaintiff's fall was the result of an extraordinary gravity-related risk within the protective ambit of Labor Law § 240 (1) (*see, Gettys v Port Auth.*, 248 AD2d 226), or was the result of some other peril arising as an ordinary and usual incident of construction (*see, Nieves v Five Boro Air Conditioning & Refrig. Corp.*, 93 NY2d 914; *Papapietro v Rock-Time, Inc.*, 265 AD2d 174). Concur—Rosenberger, J. P., Mazzarelli, Wallach and Saxe, JJ.