■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID IRONS, Appellant. [727 NYS2d 311] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered June 8, 1998, convicting defendant, after a jury trial, of robbery in the first degree (three counts), robbery in the second degree (sixteen counts), and petit larceny, and sentencing him, as a persistent felony offender, to three consecutive terms of 25 years to life concurrent with sixteen concurrent terms of 25 years to life and a term of 1 year, unanimously affirmed.

Defendant's suppression motion was properly denied. The totality of the circumstances supports the hearing court's determination that defendant's oral and written statements were voluntarily made (see, People v Hopkins, 58 NY2d 1079; People v Anderson, 42 NY2d 35).

At the time of defendant's arrest for theft of services, he was found to be in possession of a piece of evidence connecting him to a past robbery. As a result, detectives sought to question defendant about that robbery and a series of similar robberies. Defendant's confessions were not taken at a time when his arraignment was imminent, and there was no unnecessary delay in the arraignment. The judicial process had not begun, and further investigation, consisting of interrogation of defendant on the more serious charges, was warranted (see, People v Brisman, 268 AD2d 279, lv denied 95 NY2d 793; People v Hotchkiss, 260 AD2d 241, lv denied 93 NY2d 1003; People v Quartieri, 171 AD2d 889, lv denied 78 NY2d 1079). Moreover, the total delay from arrest to arraignment was not unusual (see, People ex rel. Maxian v Brown, 77 NY2d 422).

There is no evidence that defendant's will was overborne by lengthy interrogation. On the contrary, defendant began confessing to robberies at the outset of the interrogation, and the length of the interrogation resulted from the large number of separate robberies to which defendant confessed.

The search of defendant's apartment was based on the valid consent of both defendant and his girlfriend. We have considered and rejected defendant's remaining suppression arguments.

We perceive no basis for reduction of sentence. Concur—Williams, J. P., Tom, Andrias, Lerner and Saxe, JJ.