■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN DELACRUZ, Appellant. [804 NYS2d 739]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at hearing; Edwin Torres, J., at jury trial and sentence), rendered June 30, 2003, convicting defendant of three counts of burglary in the first degree, and sentencing him to concurrent terms of 20 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

The hearing court, which suppressed defendant's initial statement to police for lack of *Miranda* warnings, correctly found attenuation with regard to all of defendant's subsequent post-*Miranda* statements, given the passage of time, and the changes in location, interrogators, and type and content of questioning

(*see People v Paulman*, 5 NY3d 122, 130-134 [2005]; *People v Heron*, 240 AD2d 156 [1997], *lv denied* 90 NY2d 1011 [1997]; *see also Missouri v Seibert*, 542 US 600 [2004]). After defendant properly waived his *Miranda* rights and made a statement, there were no circumstances present that would require repetition of the warnings prior to defendant's further statements and, in any event, new warnings were provided prior to the final videotaped statement (*see People v Hotchkiss*, 260 AD2d 241 [1999], *lv denied* 93 NY2d 1003 [1999]).

Based on our review of the minutes of the *Darden* hearing (*People v Darden*, 34 NY2d 177 [1974]), we conclude that the police had probable cause for defendant's arrest.

Defendant was not prejudiced by uncharged crimes evidence that did not refer to him, but rather to another person, and that was admissible in any event (*see People v Garcia*, 19 AD3d 215 [2005], *lv denied* 5 NY3d 789 [2005]).

As the People concede, defendant should be resentenced because the prosecutor inadvertently gave the sentencing court certain unfavorable misinformation about defendant, upon which the court apparently relied in imposing sentence.

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Tom, Saxe, Gonzalez and Malone, JJ.