■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY DUDLEY, Appellant. [819 NYS2d 237]—

Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered December 3, 2003, convicting defendant, after a jury trial, of murder in the second degree and petit larceny, and sentencing him to an aggregate term of 22 years to life, unanimously modified, on the law and the facts, to the extent of reducing the murder conviction to manslaughter in the second degree and remanding for resentencing on that conviction, and also modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The evidence established that defendant killed the victim with a single stab wound to the chest during a struggle as the victim was resisting defendant's robbery attempt. While the evidence may have supported a felony murder theory (Penal Law § 125.25 [3]), defendant was only charged with intentional murder (Penal Law § 125.25 [1]) and depraved indifference murder (Penal Law § 125.25 [2]). This one-on-one stabbing was not "marked by uncommon brutality" (*People v Payne*, 3 NY3d 266, 271 [2004]) or any other hallmarks of wanton recklessness necessary to demonstrate "circumstances evincing a depraved indifference to human life" (Penal Law § 125.25 [2]). Therefore, we

find that the verdict convicting defendant of depraved indifference murder was based on legally insufficient evidence and was against the weight of the evidence in this respect (*see People v Suarez*, 6 NY3d 202 [2005]). Since the evidence supports a conviction of manslaughter in the second degree, a lesser charge defendant requested at trial, we reduce defendant's conviction accordingly (*see e.g. People v Lawhorn*, 21 AD3d 1289 [2005]; *People v Magliato*, 110 AD2d 266, 270-271 [1985], *affd* 68 NY2d 24 [1986]). We have considered and rejected defendant's other arguments concerning the sufficiency and weight of the evidence.

The court properly denied defendant's motion to suppress his statements to the police. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Defendant expressly agreed to answer police questions, and there is no evidence to support his present claim that he invoked his right to remain silent. There was no need for the police to readminister *Miranda* warnings, since defendant remained in continuous custody, nothing occurred that would have induced defendant to believe he was no longer the focal point of the investigation, and there was no reason to believe that defendant no longer understood his constitutional rights (*see People v Hotchkiss*, 260 AD2d 241 [1999], *lv denied* 93 NY2d 1003 [1999]). Moreover, defendant testified unequivocally at the hearing that he had been familiar with his rights.

Although defendant was socially acquainted with the officer who ultimately elicited an incriminating statement, defendant had no reason to believe that the previously administered *Miranda* warnings were inapplicable to his conversation with this officer. We also reject defendant's claim that the police unduly delayed his arraignment on the larceny charges, as there was no showing that defendant's arraignment was imminent, and "further investigation, consisting of interrogation of defendant on the more serious charges, was warranted" (*People v Irons*, 285 AD2d 383, 383 [2001], *lv denied* 97 NY2d 641 [2001]). Finally, even were we to find that defendant's initial statement should have been suppressed, we would conclude that the record supports the hearing court's attenuation finding with regard to defendant's videotaped statement (*see People v Paulman*, 5 NY3d 122, 130-131 [2005]).

The court properly exercised its discretion in admitting uncharged crime evidence (*see e.g. People v Till*, 87 NY2d 835 [1995]).

We perceive no basis for reducing the sentence.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]) providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur— Mazzarelli, J.P., Andrias, Marlow, Williams and Sweeny, JJ.