■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAFIS WRIGHT, Appellant. [826 NYS2d 31]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered May 26, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's request for an inquiry of a juror who had locked herself in the bathroom during deliberations (*see People v Cabrera*, 305 AD2d 263 [2003], *lv denied* 100 NY2d 560 [2003]). Assuming, arguendo, that the reason for this behavior was that she was emotionally upset, "intense feelings and emotional manifestations often accompany the free and unfettered exchange of views that are the hallmark of the heightened atmosphere in which the jury's decision-making process takes place" (*People v Redd*, 164 AD2d 34, 37 [1990]). There is no reason to believe that the juror's strong emotions about the deliberation phase of jury service rendered her unqualified to continue serving, or that an inquiry was necessary. We note that after the apparently brief bathroom event was over, the juror resumed her duties without further incident.

Defendant's claim that the court should have made individual inquiries of the remaining jurors to determine if they had engaged in deliberations while the juror was in the bathroom is unpreserved because defendant never requested such an inquiry, and we decline to reach it in the interest of justice. Were we to consider it, we would find it unavailing, since the allegation that the 11 jurors may have deliberated is speculative. The

court had instructed the jurors to deliberate only when all 12 of them were in the jury room, and the jurors are presumed to have followed that instruction (*see e.g. People v Gonzalez*, 155 AD2d 310 [1989], *lv denied* 75 NY2d 813 [1990]).

The court properly exercised its discretion in receiving evidence of a contemporaneous sale of drugs made to an undercover officer by the person to whom defendant sold drugs. This evidence was admissible to complete the narrative, particularly since defendant's sale occurred in the midst of the other person's transaction with the undercover officer. Furthermore, this evidence "carried relatively little suggestion of general criminal propensity" (*People v Pressley*, 216 AD2d 202 [1995], *lv denied* 86 NY2d 800 [1995]), especially since it did not constitute evidence of uncharged crimes by defendant himself (*see People v Delacruz*, 24 AD3d 109, 110 [2005], *lv denied* 6 NY3d 775 [2006]). However, the court should not have admitted evidence that, during her transaction with the undercover officer, the other seller said that defendant ran a drug spot of which he was the boss. Nevertheless, we find the error to be harmless (*see e.g. People v Cook*, 42 NY2d 204, 208-209 [1977]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.