■ THOMAS DEKENIPP, Respondent, v ROCKEFELLER CENTER, INC., et al., Appellants. [876 NYS2d 364]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 16, 2008, which, insofar as appealed from, granted plaintiff's motion for renewal and reargument of an order dated November 14, 2007 granting defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, and, upon reargument, vacated said dismissal and granted plaintiff's motion for summary judgment on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff, a window washer employed by a private contractor that defendants hired, was instructed by his supervisor to clean the interior windows of defendants' building. Plaintiff had previously cleaned these windows, and requested that his supervisor provide a pole extension that allowed him to reach their upper portions. This request was denied and thus, plaintiff had to stand atop three-to-four-foot-high, wall-mounted, heating convector covers to reach the windows' upper areas. While plaintiff worked on one window, the convector cover he stood on suddenly came loose from the wall and he fell, injuring himself.

We find that the window-washing task here involved an elevation-related risk of the type contemplated by the safety devices listed in Labor Law § 240 (1) (*see e.g. Swiderska v New York Univ.*, 10 NY3d 792, 792-793 [2008]). Plaintiff was effectively instructed to stand on the convector covers to get the job done, a practice established by record evidence as being routinely used by workers to access the building's windows and ceilings. Concur—Saxe, J.P., Friedman, Sweeny, Renwick and Freedman, JJ.