Braganca-Ferreira v SREP 10th Ave. Venture LLC (2025 NY Slip Op 03241)

Braganca-Ferreira v SREP 10th Ave. Venture LLC

2025 NY Slip Op 03241

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Docket No. 156045/20, 595082/21|Appeal No. 4483-4484|Case No. 2024-03386, 2024-03389|

[*1]Felipe Braganca-Ferreira, Plaintiff-Respondent,
v
SREP 10th Avenue Venture LLC, et al., Defendants-Respondents-Appellants, SREP 10th Avenue Partners LLC, et al., Defendants.

SREP 10th Avenue Venture LLC, et al., Third-Party Plaintiffs-Respondents-Appellants, SREP 10th Avenue Partners LLC, et al., Third-Party Plaintiffs,
v
Fitzcon Construction/Ren Corp., Third-Party Defendant-Appellant- Respondent.

Cascone & Kluepfel LLP, Farmingdale (Howard B. Altman of counsel), for appellant-respondent.
Brody Law Group, PLLC, New York (Magdalene P. Skountzos of counsel), for respondents-appellants.
Law Offices of Lawrence Perry Biondi, Garden City (Lisa M. Comeau of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 13, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim and denied the cross-motion of defendants SREP 10th Avenue Venture LLC and Foundations Group I, Inc. (collectively, defendants), for summary judgment dismissing the Labor Law § 240 claim, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 17, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' cross-motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, and granted defendants' motion for summary judgment on their third-party cause of action for contractual indemnification as against third-party defendant Fitzcon Construction/Ren Corp. to the extent of granting conditional indemnification, unanimously modified, on the law, to grant defendants' cross-motion to the extent of dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against defendant SREP, and otherwise affirmed, without costs.
Plaintiff, an employee of Fitzcon, alleges that he was injured while walking over a three-foot high pile of wooden beams to transport building material into a construction site. According to plaintiff's deposition testimony, he was carrying the back end of a beam over his shoulder while a coworker supported the front end, and as plaintiff was walking across the pile, the beams beneath his feet suddenly moved, causing him to lose his balance and fall on top of the pile. Plaintiff testified that he received his instructions from Fitzcon, and that it was regular procedure for workers to walk over the pile of loose beams in order to bring building materials into the site.
Plaintiff established prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) cause of action by submitting evidence that his injury was proximately caused by the type of elevation-related hazard contemplated under section 240(1). Neither party disputes that it was regular procedure at the site for workers to walk across a pile of unsecured beams to perform their work, and that on the day of the accident, the unsecured beams moved underneath plaintiff's feet, causing him to fall (see DeKenipp v Rockefeller Ctr., Inc., 60 AD3d 550, 550 [1st Dept 2009]; Gettys v Port Auth. of New York & New Jersey, 248 AD2d 226, 226-227 [1st Dept 1998]).
In opposition, defendants failed to raise a triable issue of fact. Defendants submitted no evidence supporting their contention that plaintiff was the sole proximate cause of his injury, as the record establishes that plaintiff acted in accordance with regular procedure and the directions of his foreman (see Harris v City of New York, 83 AD3d 104, 110-111 [1st Dept 2011]; DeKenipp, 60 AD3d at 550). Contrary to Fitzcon's assertion otherwise, that plaintiff fell on a [*2]pile of material that was sitting on the ground does not, by itself, place his work outside the ambit of Labor Law § 240 (see e.g. Cappabianca v Skanska USA Bldg., Inc., 99 AD3d 139, 146-147 [1st Dept 2012]). In addition, the evidence established that the pile of beams from which plaintiff fell was at least three-feet high, which is not a de minimis height (see Brown v 44 St. Dev., LLC, 137 AD3d 703, 703-704 [1st Dept 2016]; Gettys, 248 AD2d at 226-227).
As to defendants' motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against them, Supreme Court should have dismissed the claims as against defendant SREP, the property owner. According to the construction management agreement, SREP was not involved with the construction site's activities and delegated all management and supervision to Foundations Group (see Lombardi v Stout, 80 NY2d 290, 295 [1992]).
However, Supreme Court properly denied summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against Foundations Group because the record presents issues of fact as to whether piles of unsecured building material constituted a recurring dangerous condition that Foundations failed to remedy, thus charging Foundations Group with constructive notice of that condition (see Mitchell v New York Univ., 12 AD3d 200, 201 [1st Dept 2001]). The record shows that for a period of three months, Fitzcon workers regularly stepped on an unsecured pile of beams to carry material from the site's delivery gate into the site for underpinning work even though Foundation Group's superintendent believed that practice to be unsafe. The record also establishes that Foundation Group's construction superintendent routinely inspected the security of delivered material piles if he was present for the delivery, and had previously directed Fitzcon's foreman to fix piles that blocked workers' paths or otherwise endangered anyone.
As to defendants' third-party cause of action for contractual indemnification against Fitzcon, Supreme Court properly granted conditional indemnification in Foundation Groups' favor. In section 12.2 of the subcontract between Foundation Group and Fitzcon, Fitzcon agreed to defend and indemnify Foundations Group for loss from personal injuries and property damage arising from the performance of the work only to the extent that the personal injury or property damage was caused by Fitzcon's "willful misconduct, negligent acts, or omissions." Moreover, in section 13.1 of the subcontract, Fitzcon agreed to defend and indemnify Foundations Group for all other types of losses arising from the performance of Fitzcon's work "in addition to the indemnification required from [Fitzcon]" under section 12.2 [emphasis added]. Thus, section 13.1 was not limited to loss caused by Fitzcon's culpable conduct (see e.g. Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). Plaintiff's injury arose from the performance of Fitzcon's work[*3], as Fitzcon was the entity that directed workers to carry materials into the site. Thus, because plaintiff prevailed on his claim under Labor Law § 240(1) for an injury arising from Fitzcon's work and Fitzcon's indemnity obligations are not limited to its own culpable conduct, Supreme Court properly granted summary judgment conditioned on the disposition of the underlying action (see Clarke v Empire Gen. Contr. & Painting Corp., 189 AD3d 611, 612 [1st Dept 2020]; Masciotta v Morse Diesel Intl., 303 AD2d 309, 310 [1st Dept 2003]).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025